(No. 2679—)

Lois Bass, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed December 11, 1935.*

Snavely & Miller, for claimant.

Otto Kerner, Attorney General; John Kasserman, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

On November 17th, 1934 claimant Lois Bass was driving her automobile in an easterly direction on S. B. I. Route 11 at a point about four (4) miles west of Marshall in Clark County, and her minor daughter Jacqueline was a passenger in said automobile. At the time and place aforementioned one Francis Twigg who was then and there in the employ of the respondent, was driving a State truck in a westerly direction. In trying to pass another vehicle on a rather steep grade, said employee of the respondent drove and operated such truck in such a careless and negligent manner that it collided with the automobile of the claimant, and as the result thereof the claimant and her daughter suffered severe but not permanent injuries, and claimant's automobile was damaged to the extent of Two Hundred Seventy-five Dollars ($275.00). Claimant asks an award in the amount of Four Hundred Ninety-seven Dollars ($497.00) for the damages so sustained as aforesaid.

The Attorney General has entered a motion to dismiss the case on the ground that the State is not liable for the negligence of its servants and agents under the doctrine of respondeat superior in the absence of a statute making it so liable.

Claimant contends that Paragraph four (4) of the Court of Claims Act which provides that the Court of Claims shall have power "to hear and determine all claims * * * * * which the State as a sovereign commonwealth, should, in equity and good conscience, discharge and pay" constitutes statutory authority under which the respondent is liable in this case.

The same contention has been made in numerous recent cases and we have repeatedly held that the State in the maintenance of its durable hard-surfaced roads is engaged in a governmental function; that in the exercise of such functions, it is not liable for the negligent acts of its servants and agents in the absence of a statute making it so liable; that the claim-

122

ant cannot invoke the principles of equity and good conscience to secure an award unless she can bring herself within the provisions of a law giving her the right to such an award; that the jurisdiction of this court is limited to claims in respect of which the claimant would be entitled to redress against the State either at law or in equity if the State were suable.

Some of the numerous authorities supporting the propositions above set forth are cited in the case of *Lester A. Royal* vs. *State*, No. 2597, and in the case of *George McGready, et al.* vs. *State*, No. 2604, both decided at the September, A. D. 1935 term of this court, and a repetition thereof at this time is therefore unnecessary. The liability, if any, rests upon the negligent employee and not upon the State.

For the reasons suggested, the motion of the Attorney General must be sustained.

Motion to dismiss allowed. Case dismissed.